**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CLINTON WARREN, | § § § § § § § § § § § | |
| *Plaintiff,* | | |
| V. | | CASE NO. 4:14-CV-86<br>Judge Clark/Judge Mazzant |
| UNITED STATES OF AMERICA, | | |
| *Defendant.* | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On June 10, 2014, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations regarding Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction [Doc. #5]. Plaintiff never responded to the motion to dismiss. The Magistrate Judge recommended that Defendant's motion be granted for lack of subject matter jurisdiction. On June 26, 2014, Plaintiff filed a response to the motion to dismiss [Doc. #8] which will be treated as objections to the report. On July 11, 2014, Defendant filed a response [Doc. #9].

Plaintiff's response merely outlines his complaints about his medical treatment, rather than addressing the issue of whether this court has jurisdiction to address the merits of Plaintiff's allegations. Plaintiff's response also fails to specifically object to any part of the report. The Magistrate Judge correctly determined that the court lacks subject matter jurisdiction over

Plaintiff's claims because Plaintiff challenges benefits decisions made by the Secretary of Veterans Affairs, and 38 U.S.C. § 511(a) precludes federal courts from reviewing those types of decisions.[1]

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Plaintiff, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant United States of America's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction [Doc. #5] is **GRANTED** and Plaintiff's case is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

The Clerk is directed to electronically docket this order with the name and telephone number in footnote one redacted. The Clerk is also directed to electronically docket an unredacted version of this order under seal, and mail a copy of the unredacted order to both Plaintiff and counsel for Defendant.

All relief not previously granted is hereby **DENIED.**

The Clerk is directed to **CLOSE** this civil action.
So **ORDERED** and **SIGNED** this 14 day of **August, 2014.**

Ron Clark, United States District Judge

---

[1] There is a procedure for review of denial of benefits or payment, which begins with a "Notice of Disagreement" filed with the Office of Veteran's Affairs that has appropriate jurisdiction over the case. Usually this must be done within one year from the date that the agency mails notification of the determination of benefits to the veteran. In some cases an appeal may be taken to the Court of Veteran's Appeals, and an appeal may be allowed to the Federal Circuit Court of Appeals. This court can not determine whether this process is available to Mr. Warren; an attorney should be consulted about such questions as soon as possible. The Denton County Bar Association provides a Veteran's Clinic, usually on the third Thursday of every other month from 9:00 a.m. to 11:00 a.m. Information received by the court indicates that the next clinic is on August 21, 2014, and the clinic is held at Texas Workforce Commission, 1300 Teasley Lane, Denton, Texas 76205. Contact information for the clinic, and confirmation of the date, time, and place, may be available from ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.